UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY SUE SNYDER, | CASE NO. C12-1397JLR |
| Plaintiff, | ORDER ON MOTION TO COMPEL |
| v. | |
| FRED MEYER STORES, INC., et al., | |
| Defendants. | |

Before the court is Plaintiff Ashley Snyder's Motion to Compel and for Sanctions. (Mot. (Dkt. # 14).) This is a slip and fall case. Ms. Snyder claims she slipped and fell on chicken grease while shopping at a Fred Meyer store. She now asks the court to enter an order requiring Defendant Fred Meyer Stores, Inc. ("Fred Meyer") to produce all documents relating to chicken grease slip and falls in Fred Meyer stores in Washington State during the past five years. Fred Meyer argues that this request is unduly burdensome because it would take a week and a half for Fred Meyer's in-house paralegal to gather the requested documents. The court GRANTS the motion in part and DENIES

ORDER- 1

it in part, ordering Fred Meyer to answer the request but limiting the relevant time period to three years instead of the requested five, limiting the geographic range to Washington State, and limiting the subject matter to slip and falls related to chicken grease and the "merchickendiser" or similar displays.

## I. BACKGROUND

Ms. Snyder alleges that she slipped and fell on chicken grease near a chicken merchandiser display, also called a "merchickendiser," in a Fred Meyer store in Issaquah, Washington on October 2, 2011. (Compl. (Dkt. # 1) ¶¶ 3.1-3.3.) She alleges that she suffered $49,503.46 in medical expenses as a result of the accident in addition to lost income. (*Id.* ¶ 7.2; Mandt Decl. (Dkt. # 14-2) ¶¶ 11-12.) She sued Fred Meyer, alleging premises liability, negligence, and negligent infliction of emotional distress. (*See* Compl.) Fred Meyer removed the case from state court to federal court. (*See* Not. of Removal (Dkt. # 1).)

This discovery dispute arose after Fred Meyer refused to respond to one of Plaintiff's requests for production. The request asked Fred Meyer to produce copies of all incident/accident reports, claims, or other documents relating to chicken grease slip and falls in Fred Meyer stores throughout the region:

> **REQUEST FOR PRODUCTION NO. 7:** If other slip and fall incidents or accidents related to chicken displays or chicken grease occurred inside any Fred Meyer Store in Washington, Oregon, Idaho, or Alaska, please produce any and all incident/accident reports and/or claims or documents generated from the incidents. The response may be limited to incidents or accidents that occurred five (5) years preceding Plaintiff's fall to the present.

ORDER- 2

1  (Scudder Decl. (Dkt. # 14-3) Ex. B at 19.)  Fred Meyer objected to this request as "overly
2  broad, unduly burdensome, not reasonably limited in time or scope, not reasonably
3  limited to substantially similar incidents, and not reasonably calculated to lead to
4  discovery of admissible evidence." (*Id.*)  Fred Meyer also objected on the grounds that
5  the request would require it to disclose confidential and possibly privileged information.
6  (*Id.*)
7        The parties attempted to resolve this discovery dispute without the court's
8  intervention but could not.  They met and conferred on multiple occasions.  (*See* Scudder
9  Decl. Exs. C-I.)  They agreed to limit the request to Fred Meyer stores located in
10  Washington, but could agree on no further limitations.  (Willmes Decl. (Dkt. # 17) ¶ 5.)
11  On the same day this motion was filed, Fred Meyer informed Plaintiff that it had searched
12  its records for chicken grease slip and fall incidents in its Issaquah store only and had
13  found none.  (*Id.* Ex. 2.)
14        To date, Fred Meyer has refused to produce any additional documents in response
15  to Plaintiff's request for production.  Fred Meyer contends that Plaintiff's request is
16  unduly burdensome (*see* Mot. at 1-2), because it would take a week and a half for their
17  in-house paralegal to gather the requested documents. (Mot. at 4.)  Evidently there are 59
18  Fred Meyer stores in Washington and over 10,000 incident reports from those stores from
19  the last five years.  (*Id.*)  Moreover, Fred Meyer uses a third-party claims administrator
20  called Sedgwick CMS to manage its incident reports, and Fred Meyer claims it would be
21  extremely time consuming to search the Sedgwick database for chicken grease slip and
22  fall claims.  (Wickline Decl. (Dkt. # 16) at 4-8.)  The parties dispute this point, with

ORDER- 3

Plaintiff asserting that it would actually be fairly simple to conduct this search. (*See* Bauer Decl. (Dkt. # 19).) Faced with this impasse, Plaintiff timely moved to compel production of the requested documents. (*See* Mot.)

## II.   ANALYSIS

**A.   Standard on a Motion to Compel**

Federal Rule of Civil Procedure 37 allows parties to move to compel responses to discovery requests. Fed. R. Civ. P. 37(a)(1), (a)(3)(B). In general, a court analyzing a motion to compel production of documents should conduct a two-step inquiry, first examining whether the requested documents are relevant and within the scope of permissible discovery, *Ordaz v. Tate*, No. 1:07-cv-00634 BLW-MHW, 2009 WL 89193, at *2 (E.D. Cal. 2009) (citing Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2286 (1994)), and second inquiring whether the burden or expense of the document request outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992), *cert. denied*, 508 U.S. 908 (1993).

**B.   The Requested Documents Are Within the Scope of Permissible Discovery**

The court concludes that the first step in this two-step inquiry is met. The scope of discovery is broad and parties must respond to any request that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This principle must be liberally construed to provide

litigants with the information essential to resolving disputed facts in an expeditious manner.  *See Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

To determine whether the requested documents bear on issues in Plaintiff's case, the court need look no further than the first cause of action in Plaintiff's complaint.  The complaint seeks to recover damages under a theory of premises liability. (Compl. ¶¶ 4.1-5.5.)  A premises liability claim requires the plaintiff to prove, among other things, that the defendant had actual or constructive notice of the particular unsafe condition (here, chicken grease).  *See Iwai v. State of Wash.*, 915 P.2d 1089, 1094 (Wash. 1996).  In some circumstances (which Plaintiff argues apply here), this may be proved by showing merely that the existence of the unsafe condition on the premises is "reasonably foreseeable." *See Pimentel v. Roundup Co.*, 666 P.2d 888, 893 (Wash. 1983).  Regardless of which standard applies, there is no doubt that it is a relevant inquiry whether Fred Meyer knew or should have known that its "merchickendiser" displays created an unsafe condition. *See Iwai*, 915 P.2d at 1094.

With one caveat, Plaintiff's request for production is reasonably calculated to lead to evidence that bears on this issue.  Plaintiff asks for evidence of whether other Washington Fred Meyer stores have had similar incidents involving slip and falls and chicken grease in recent years. (Scudder Decl. Ex. B at 19.)  If these incidents were common in Washington Fred Meyer stores, this evidence would tend to suggest that Fred Meyer either was aware or should have been aware that chicken grease and the "merchickendiser" displays were creating unsafe conditions in Fred Meyer stores, or that this unsafe condition was reasonably foreseeable in light of how often it had occurred in

the past. *See Iwai*, 915 P.2d at 1094; *Pimentel*, 666 P.2d at 893. On the other hand, if these incidents were uncommon, it would tend to show the opposite. Thus, the court rules that this evidence is relevant and within the scope of permissible discovery. *See Dipesa v. Home Depot USA, Inc.*, 245 F.R.D. 53 (D. Mass. 2007) (requiring Home Depot to produce five years of similar incident reports from all stores nationwide to provide evidence for premises liability claim). This is particularly true in light of the broad application and liberal construction of Rule 26. *See Shoen*, 5 F.3d at 1292.

The one caveat to the court's conclusion is that more recent incidents are not relevant. The relevance of the incident reports depends upon their being used to show actual or constructive notice of an unsafe condition at the time of the incident. *See Iwai*, 915 P.2d at 1094. Incidents that occurred after Plaintiff's slip and fall do not bear on this issue. The court can discern no other reason why documents from this time period would be relevant, and accordingly rules that Defendants need not produce any documents related to incidents occurring after October 2, 2011.

**C.     The Discovery Request, As Modified By the Court, Is Not Unduly Burdensome**

Next, the court must determine whether the requested discovery is unduly burdensome, considering (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the action; and (5) the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii). The court considers each of these factors in turn in deciding whether, and how, to limit Plaintiff's discovery request.

1. <u>The Needs of the Case</u>

This factor is neutral. The "needs of the case" include the need to complete discovery in a timely manner so that the case may proceed, which the court finds is counterbalanced by the need to limit the discovery burden on the parties. That need, further, is offset by the fact that Fred Meyer is master of its own document management regime and is hardly in a position to complain, as it does, that its document management system is difficult to use or that using it would be overly time-consuming. (*See* Resp. (Dkt. # 15) at 6-7.) Considering all of the considerations at play in this case, the court finds that the parties are on equal footing with respect to "the needs of the case."

2. <u>The Amount in Controversy</u>

This factor weighs in favor of finding undue burden and limiting Plaintiff's request. There is relatively little at stake in this case compared to the average case. Plaintiff's damages all arise from knee injuries—there are no allegations of more serious harm. Plaintiff requests only $49,503.46 in medical expenses, which is modest compared to many personal injury cases and many cases that appear before this court. Plaintiff is requesting a substantial amount of discovery in light of this relatively small amount in controversy, and this suggests to the court that it should limit Plaintiff's request to bring the amount of discovery requested into proportion with the amount in controversy.

3. <u>The Parties' Resources</u>

This factor weighs against finding undue burden. Fred Meyer is a large national corporation with substantial resources that can afford to defend itself in litigation. This

alone does not justify allowing Plaintiff's discovery request to proceed, but it is a relevant factor that the court may consider. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

    4. <u>The Importance of the Issues at Stake in the Action</u>

This factor is neutral. This case does not raise issues of grave importance to society, nor is it frivolous, nor is its potential impact limited only to the parties. This case is of average importance, so the court does not rely on this factor in reaching its conclusion on undue burden.

    5. <u>The Importance of the Discovery in Resolving the Issues</u>

This factor weighs slightly in favor of finding undue burden and limiting Plaintiff's request. The requested documents are undoubtedly relevant, as discussed above. However, these documents are not the only evidence that bears on the issue of actual or constructive notice. There are other ways to prove this element of a premises liability claim. In fact, Plaintiff has already received other similar pertinent evidence— notably, a response to her inquiry regarding similar incidents in the Issaquah store—and may receive more at Fred Meyers' upcoming 30(b)(6) deposition. (*See* Willmes Decl. Ex. 2; *see also* Mot. at 12.) The court finds that the requested evidence is not so critical to this case that it overrides the potential burden placed on Fred Meyer.

Last, the court considers Western District of Washington Local Rule 26(f), which requires discovery requests to be "reasonably targeted, clear, and as specific as possible." Local Rules W.D. Wash. CR 26(f). The court has examined the request in detail and concludes that, in light of this rule, Plaintiff's request should be more targeted and specific.

1       Considering all of the factors and considerations discussed above, the court
2 concludes that some modification of Plaintiff's discovery request will appropriately
3 lessen the burden on Fred Meyer. A district court has wide latitude in controlling
4 discovery and may modify discovery requests by order as necessary. *See Cornwell v.*
5 *Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("District courts have
6 wide latitude in controlling discovery, and [their] rulings will not be overturned in the
7 absence of a clear abuse of discretion.") (internal quotation marks and citation omitted).
8       In light of the foregoing, the court limits Plaintiff's request to three years before
9 the Plaintiff's incident instead of the requested five, limiting the geographic range to
10 Washington State, and limiting the subject matter to slip and falls related to chicken
11 grease and the "merchickendiser" or similar displays. This creates a balance, not unduly
12 burdening Fred Meyer and providing Plaintiff with the discovery she needs.

13 **D.    Rulings on Other Requests and Motions Made By the Parties**

14       Several issues remain to be resolved that the parties raise in their briefing. First,
15 Fred Meyer asks that it be allowed to redact incident reports to remove the names,
16 addresses, and phone numbers of the Fred Meyer customers named therein. (Resp. at
17 10.) This is a reasonable limitation to protect the privacy of Fred Meyers customers.
18 Plaintiffs argue that the customers' names are relevant and could lead to additional
19 evidence. However, the names and contact information of the customers (or any
20 discovery that may be obtained therefrom) are not relevant to show that the Issaquah Fred
21 Meyer was on notice of potentially unsafe conditions. Even if it were, the connection to
22

1  notice and foreseeability is so tenuous that it is outweighed by the privacy interests at
2  stake. The court rejects Plaintiff's arguments (*see* Reply at 5) and GRANTS this request.
3       Second, Fred Meyer asks that any documents it produces be used for this litigation
4  only. (Resp. at 10.) Plaintiff does not oppose this reasonable request (*see* Reply at 5) and
5  the court therefore GRANTS it.
6       Third, Plaintiffs request attorney's fees for having to bring this motion. The court
7  DENIES this request. When a court grants a discovery motion, the court must award the
8  movant reasonable fees and expenses unless the opposing party's nondisclosure was
9  substantially justified or other circumstances make an award of expenses unjust. Fed. R.
10 Civ. P. 37(a)(5)(A). Here, to the extent the court has granted Plaintiff's motion, the court
11 finds that Fred Meyer's nondisclosure was substantially justified. Fred Meyer had a
12 colorable argument for resisting disclosure. Fees are not warranted here.
13      Fourth, Fred Meyer moves to strike a declaration filed along with Plaintiff's reply
14 brief. (*See* Surreply (Dkt. # 20); *see also* Bauer Decl. (Dkt. # 19-2).) The declaration in
15 question attempts to rebut Fred Meyer's argument that it would be time-consuming and
16 difficult to search Fred Meyer's Sedgwick database to produce the requested discovery.
17 (*See* Bauer Decl.) Fred Meyer argues that the declaration is not based on personal
18 knowledge and should be struck. (*See* Surreply.) The court DENIES the motion to
19 strike. The declaration contains relevant information and Plaintiff has not had an
20 opportunity to respond to the motion. Instead, the court considers Fred Meyer's
21 arguments in assessing the weight given to the declaration.
22

Fifth, Plaintiff requests that the court order Fred Meyer's 30(b)(6) deponent to answer questions about prior chicken grease slip and fall incidents statewide. (Mot. at 12.) The court GRANTS this request with respect to incidents in the last three years, which is reasonable in light of the above and is calculated to lead to the discovery of admissible evidence.

Last, Plaintiff requests that she be given additional time for expert disclosures and reports so that her expert's report may take into consideration the discovery that is the subject of this order. (*Id.*) The court GRANTS this request and grants Plaintiff ten days to supplement its expert report from the date it receives the requested discovery.

### III.  CONCLUSION

For the foregoing reason, the court GRANTS in part and DENIES in part the motion to compel (Dkt. # 14). In addition, the court rules on the parties' additional requests for relief as described above.

Dated this 18th day of June, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 11